**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CASE NO.: 2:20-cv-00758-SAL**

| | |
|---|---|
| Waylon Bruce Jackson, II, )<br><br>Plaintiff, )<br><br>v. )<br><br>The Citadel a/k/a The Military College )<br>of the State of South Carolina, )<br>Kenneth G. Boes, individually and in his )<br>official capacity for The Citadel a/k/a The )<br>Military College of the State of South )<br>Carolina, Eugene F. Paluso, individually and )<br>in his official capacity for The Citadel a/k/a )<br>The Military College of the State of South )<br>Carolina, and Robert Sberna, individually )<br>and in his official capacity for The Citadel )<br>a/k/a The Military College of the State of )<br>South Carolina, )<br><br>Defendants. )<br>_____ ) | **AMENDED COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, by and through his undersigned counsel, complaining of above-named Defendants, alleges the following:

1. This is a civil action for monetary damages brought by Plaintiff, arising from violations of his federal civil rights and rights protected under the laws of the State of South Carolina as a result of sexual assaults and other misconduct (providing alcohol to a minor while in counseling, etc.) committed by the above-named Defendants.

2. Plaintiff is a citizen and resident of Texas.

3. Defendant The Citadel, also known as The Military College of the State of South Carolina (hereinafter referred to as "The Citadel") is a private/public organization established by

and operated by the State of South Carolina, with its principal place of business at 171 Moultrie Street, Charleston, SC 29409. The Citadel conducts business in South Carolina.  It is sued in South Carolina based on its presence in Charleston County and because one or more acts of sexual abuse between its agent/employee Kenneth Boes and Plaintiff occurred in Charleston County.

4.    Defendant Kenneth G. Boes (hereinafter referred to as "LTC Boes"), also known as Ken Boes, is and was, always relevant herein, an agent/servant/employee of The Citadel.  He is sued in both his individual capacity and in his official capacity as a Tactical Officer under the command of the Commandment of Cadets while employed by The Citadel.  He is an adult male citizen and resident of the County of Charleston, State of South Carolina.  He is sued in Charleston County based on tortious acts he committed against Plaintiff in Charleston County.

5.    Defendant Eugene F. Paluso (hereinafter referred to as "CAPT Paluso") is and was, always relevant herein, an agent/servant/employee of The Citadel.  He is sued in both his individual capacity and in his official capacity as the Commandment of Cadets while employed by The Citadel.  He is an adult male citizen and resident of the County of Charleston, State of South Carolina.  He is sued in Charleston County based on tortious acts he committed against Plaintiff in Charleston County.

6.    Defendant Robert Sberna (hereinafter referred to as "Lt. Col. Sberna") is and was, always relevant herein, an agent/servant/employee of The Citadel.  He is sued in both his individual capacity and in his official capacity as Deputy Assistant Commandant for Discipline under the command of the Commandment of Cadets while employed by The Citadel.  He is an adult male citizen and resident of the County of Charleston, State of South Carolina.  He is sued in Charleston County based on tortious acts he committed against Plaintiff in Charleston County.

7.    At all times relevant herein, CAPT Paluso and Lt. Col. Sberna acted in a supervisory capacity with respect to LTC Boes, who was their subordinate.

8.    The acts and/or omissions alleged in this Complaint committed by LTC Boes, CAPT Paluso, and Lt. Col. Sberna were while acting as officers, principals, agents, teachers, employees, and/or representatives of The Citadel.

9.    The Citadel incorporates a military based hierarchy into its education and training which is based on military standards and a set of Core Values that form a code of conduct that is expected of students and faculty.

10.    The Core Values require a commitment to a life-long obligation to moral and ethical behavior, doing the right thing and treating people with dignity and worth.

11.    The Citadel also requires adherence to an Honor System that forbids lying, cheating, stealing or tolerating those who engage in such behavior.

12.    The Citadel has the expectation that its faculty will adhere to and practice the tenants of the Core Values and Honor System.

13.    The Citadel administers its system of leadership and discipline through the office of the Commandant of Cadets which is run by CAPT Paluso and his staff, including Tactical Officers.

14.    LTC Boes began his Tactical Officer career at The Citadel in 2003 and was employed by The Citadel for many years, tasked primarily by the Commandant to 4th Battalion.  The role of a tactical officer is to Teach, Advise and Coach ("TAC") cadets as part of The Citadel's military and leadership training.

15.    Plaintiff met LTC Boes while attending summer school at The Citadel in the summer of 2017. Plaintiff was 20 years old at the time.

16. LTC Boes met Plaintiff through the Citadel's curriculum. LTC Boes recruited, groomed, and coerced Plaintiff during a time when Plaintiff was experiencing difficulties personally and with school, under the guise of shepherding him through school to ensure that Plaintiff would graduate.

17. LTC Boes was aware of Plaintiff's weakened mental and psychological state due to previous disciplinary issues at The Citadel and knew that Plaintiff wanted very much to graduate from The Citadel. LTC Boes used his position of great authority to prey on Plaintiff for sexual favors as is more fully described below.

18. The Citadel is aware of the risk of sexual violence between students and faculty and has specifically recognized that sexual violence is a problem on college and university campuses.

19. The Citadel defines sexual violence as any non-consensual physical conduct of a sexual nature and further recognizes that a person cannot legally consent to sex if he or she is incapacitated from drugs or alcohol or is induced to engage in sexual activity by the other person's abuse of position of power, trust or authority.

20. In his capacity as a Tactical Officer for The Citadel, LTC Boes portrayed himself as a field grade Army officer and pillar of integrity who emphasized the importance of the cadets' development and display of superior physical and mental abilities. By virtue of his military rank and position as Tactical Officer, LTC Boes was in a position of supervision, authority, and power over students including Plaintiff.

21. Over the weeks and months following meeting Plaintiff, LTC Boes continued to groom Plaintiff for later sexual interactions. Plaintiff visited and/or stayed the night at LTC Boes' residence located on The Citadel campus.

22.  During Plaintiff's initial visit to LTC Boes' residence, LTC Boes provided alcohol and cigars to Plaintiff (an underage adult) and began developing a bond with Plaintiff.

23.  Thereafter, LTC Boes provided Plaintiff with alcohol and/or cigars in the range of fifty (50) to sixty (60) times from the Summer of 2017 to April 2018.  He provided alcohol to Plaintiff despite his knowledge that Plaintiff had undergone counseling for the underage use of alcohol and was actively undergoing counseling for alcohol use.

24.  LTC Boes' wife would routinely smoke marijuana while Plaintiff was at LTC Boes' home.

25.  Beginning in 2017, and continuing through 2018, while under the employment, supervision, and control of The Citadel, CAPT Paluso, and Lt. Col. Sberna, LTC Boes, as a Tactical Officer, sought after and sexually violated Plaintiff.  The sexual abuse occurred on multiple occasions and at multiple locations on The Citadel's premises and other locations in Charleston, South Carolina.

26.  On or about September 29, 2017, LTC Boes summoned Plaintiff to his office located on the 1st floor of the 4th Battalion's Barracks on The Citadel's premises.  LTC Boes and Plaintiff proceeded to Deas Hall (The Citadel's gym) to exercise for about an hour.  After exercising, LTC Boes and Plaintiff returned to LTC Boes' office located on the 1st floor of the 4th Battalion's Barracks.  During this interaction, Boes assaulted Plaintiff by inappropriate touching, locked and blocked the office door, and forcibly kissed Plaintiff on the lips without his consent. LTC Boes then subsequently confessed his homosexuality and love for Plaintiff.

27.  Plaintiff was devastated by LTC Boes' conduct and felt deceived by LTC Boes given the trust that he had built and given the trust that LTC Boes had cultivated through his actions and statements indicating that he would help and protect Plaintiff.

5

28. Following the September 29, 2017 event, LTC Boes continued to pursue a relationship with Plaintiff insisting that, without his help, Plaintiff would be unable to graduate from The Citadel.

29. On several occasions following the September 29, 2017 incident, LTC Boes groped Plaintiff's buttocks and made verbal sexual comments during their interactions on The Citadel's premises. LTC Boes threatened that, if Plaintiff did not go along with his advances, Plaintiff would not graduate.

30. On November 10, 2017, LTC Boes invited Plaintiff to his residence located on The Citadel's campus.

31. During this interaction, LTC Boes provided dinner, snacks, alcohol, and unidentified pills to Plaintiff. LTC Boes advised Plaintiff to take the unidentified pills to prevent a hang-over the following morning. After taking the unidentified pills, Plaintiff began to feel dizzy.

32. While Plaintiff was under the influence of the medication and alcohol, LTC Boes sexually assaulted Plaintiff. Plaintiff awoke the following morning naked in the bed with LTC Boes who was also naked.

33. Following the sexual violations referenced in the above paragraphs, LTC Boes repeatedly forced Plaintiff to engage in sexual acts on and off of the campus of The Citadel.

34. Said conduct was undertaken while LTC Boes was under the supervision and authority of The Citadel, CAPT Paluso, and Lt. Col. Sberna and often under circumstances that should have gained the attention of authorities at The Citadel, including CAPT Paluso and Lt. Col. Sberna.

35. The unlawful and unwanted sexual acts by LTC Boes included: a) performing sexual acts on Plaintiff; b) impermissibly touching Plaintiff's body including his penis; c) requiring

Plaintiff to shower while he watched; d) retaining items of clothing belonging to Plaintiff; and e) engaging in other acts both physical and verbal that were of a sexual nature.

36.  On numerous occasions, LTC Boes intentionally secluded himself with John Doe to permit sexual access to Plaintiff.

37.  LTC Boes sexually abused Plaintiff 40 to 50 times from approximately September 2017 to April 2018.

38.  The Citadel employs a "Cadet Accountability System" to track accusations, rules violations, offenses, circumstances of extenuation or mitigation, punishment, and other matters related to cadet discipline.

39.  The Cadet Accountability System is administered by The Citadel's Office of the Commandant (CAPT Paluso), the officer who is responsible for the command, control, and administration of the Corps of Cadets, including matters of cadet discipline. Lt. Col. Sberna is the Assistant Commandant for Discipline.  He is the direct subordinate of CAPT Paluso.  Lt. Col. Sberna administers much of the punishment at The Citadel.  Lt. Col. Sberna was in a position where he knew or should have known LTC Boes was engaging in inappropriate behavior.

40.   CAPT Paluso reports directly to the President of The Citadel.

41.  LTC Boes used his position of power and his contacts within the Office of the Commandant to resolve accusations against Plaintiff and to change punishments to be rendered to Plaintiff in exchange for performing sexual acts on Plaintiff under a system that he called "quid pro quo".

42.  The Citadel recognizes "Quid Pro Quo" as a type of sexual harassment that occurs when the terms or conditions of employment, educational benefits, and academic grades or opportunities, living environment or participation in college activity is conditioned upon, either

explicitly or implicitly, submission to unwelcome sexual advances or requests for sexual favors, or such submission is a factor in decisions affecting that individual's employment, education, living environment, or participation in a college program or activity. Generally, perpetrators will be agents or employees with some authority from the college.

43. LTC Boes would resolve disciplinary issues, procure leave and help ensure Plaintiff would graduate so long as Plaintiff cooperated in his desires to commit sexual acts on Plaintiff as part a Quid Pro Quo system.

44. For example, LTC Boes would provide alibis and/or corroboration for Plaintiff when Plaintiff allegedly failed to report for class or other commitments.

45. In addition, LTC Boes would falsely report to the Commandant's office that Plaintiff had engaged in mitigating conduct to reduce possible discipline (for instance, he reported that Plaintiff had performed community service such as giving blood when in fact he had never given blood).

46. All of this was part of LTC Boes' scheme to reduce punishments to force Plaintiff to submit to his sexual advances.

47. During the entire period of sexual assaults upon Plaintiff, LTC Boes used his position of superiority as The Citadel's Tactical Officer to avoid and/or to reverse The Citadel's disciplinary actions pertaining to Plaintiff.

48. LTC Boes repeatedly threatened Plaintiff and constantly stressed to Plaintiff that if Plaintiff told anyone about the sexual abuse, LTC Boes would have all of the disciplinary actions reinstated. These efforts were used as threats to silence Plaintiff and ensure his continued adherence to his sexual abuse.

49. The actions of LTC Boes in manipulating Plaintiff's discipline were known to the Office of the Commandant, which would change the Cadet Accountability System to reflect LTC Boes' instructions, all the while knowing that LTC Boes was not Plaintiff's Tactical Officer.

50. These disciplinary changes were such that CAPT Paluso, Lt. Col. Sberna, and other members of CAPT Paluso's office knew or should have known that improper conduct was occurring and that LTC Boes was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff.

51. On at least one occasion, during the 2017 Christmas break, CAPT Paluso gave LTC Boes the keys to Deas Hall so that he and Plaintiff could exercise. Following the period of exercise, LTC Boes sexually assaulted Plaintiff in Deas Hall.

52. The Commandant's Office, including CAPT Paluso and Lt. Col. Sberna, knew or should have known that: 1) Plaintiff kept his truck at LTC Boes' residence on the campus; 2) Plaintiff routinely missed formations that would be excused by LTC Boes; 3) Cadet leadership had raised questions about the relationship between Plaintiff and LTC Boes including the excusal of punishable offenses such as missing formation; 4) LTC Boes was not Plaintiff's Tactical Officer; 5) LTC Boes was serving alcohol to underage cadets including Plaintiff; 6) that Plaintiff was receiving punishments that were not served but instead were marked as completed in the CAS such that Plaintiffs' TAC officer questioned how his punishments went from "red to green" overnight; 7) that Plaintiff was granted an inordinate amount of leave over and above what is granted similarly situated cadets; 8) that Plaintiff committed offenses punishable by tours that were written up as minor offenses with little to no punishment; 9) that Plaintiff visited LTC Boes' residence more often than other cadets visited, even spending the night there; and 10) other conduct that was out of the ordinary and indicative of an improper relationship. As a result of this

knowledge, The Citadel, CAPT Paluso, and Lt. Col. Sberna facilitated LTC Boes in committing the acts described herein.

53.    Despite their knowledge as outlined above, The Citadel, CAPT Paluso, and Lt. Col. Sberna did nothing to stop LTC Boes' conduct and offensive practices toward Plaintiff and responded to said knowledge so inadequately as to show a deliberate indifference to or tacit authorization of LTC Boes' conduct and offensive practices toward Plaintiff.

54.    Moreover, there was an affirmative causal link between the inaction of The Citadel, CAPT Paluso, and Lt. Col. Sberna and the injuries sustained by Plaintiff as demonstrated by one or more of the following:

      a.  CAPT Paluso provided LTC Boes with keys to Deas Hall where he knew LTC Boes and Plaintiff would be alone during The Citadel's Christmas break;

      b.  Lt. Col. Sberna reduced Plaintiff's punishments at LTC Boes' request;

      c.  The Office of the Commandant put Plaintiff on special leave when he was AWOL and/or approved of his being placed on special leave; and

55.    Lt. Col. Sberna advised LTC Boes his relationship with Plaintiff was inappropriate but tacitly approved of it continuing by failing to take steps to stop it.  Plaintiff suffered in silence for over six (6) months and was afraid to take any actions against LTC Boes for fear that he would not graduate.

56.    In April 2018, Plaintiff left The Citadel under great duress created by the actions of LTC Boes and The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's failure to protect him from such abuse.

57.    Following Plaintiff's departure from The Citadel, LTC Boes intentionally came to Plaintiff's job site and caused Plaintiff further mental distress and harm.

58.    Plaintiff has suffered and continues to suffer physical, psychological, and emotional injuries which have caused and in the future will cause him to suffer one or more of the following

elements of damage: (a) physical pain; (b) interference with relationships with others (c) mental anguish resulting in post-traumatic stress; (d) emotional distress; (e) loss of sleep and inability to concentrate; (f) loss of the enjoyment of life; (g) shock and injury to his nerves and nervous system; (h) increased susceptibility to future injury; (i) substantial expenses for medical services in the past and in the future; (j) withdrawal from school in April 2018 under the above-described circumstances thereby resulting in his transcripts reflecting failing grades which negatively affects his ability to further his education; and (k) all other damages provable at the trial of this case.

### FIRST CAUSE OF ACTION
### (AGAINST THE CITADEL, CAPT PALUSO, AND LT. COL. SBERNA)
### Negligence/Gross Negligence

59. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

60. The Citadel had a duty to protect Plaintiff when he was entrusted to its care by his parents. Plaintiff's care, welfare, and/or physical custody were temporarily entrusted to The Citadel when Plaintiff attended functions sponsored by Citadel and when on properties and premises operated by The Citadel. The Citadel solicited and voluntarily accepted the entrusted care of Plaintiff. As such, The Citadel owed Plaintiff a special duty of care, in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care to protect students/cadets from harm by adults supervising students/ cadets in their care. Plaintiff was owed by The Citadel a duty to be protected from harm inflicted upon him by LTC Boes when Plaintiff attended the activities of The Citadel and when Plaintiff was on the premises of The Citadel, where LTC Boes was assigned and served.

61. As LTC Boes' supervisors, CAPT Paluso and Lt. Col. Sberna owed the same duties to Plaintiff.

62. The Citadel, by and through its agents, servants, and employees, as well as CAPT Paluso and Lt. Col. Sberna knew or reasonably should have known of LTC Boes' dangerous and exploitive propensities and/or that LTC Boes was an unfit agent because of his sexual interest in certain students/cadets and his history of routinely "getting too close to cadets." Moreover, Lt. Col. Sberna knew about and did not approve of LTC Boes engaging in activities with Plaintiff and knew LTC Boes had gotten "too close" to Plaintiff.

63. It was reasonably foreseeable that if The Citadel, CAPT Paluso, and Lt. Col. Sberna did not adequately exercise reasonable care or discharge the duty of care owed to students/cadets in their care, including but not limited to Plaintiff, the students/cadets entrusted to the care of The Citadel would be vulnerable to sexual abuse by The Citadel's employees, including LTC Boes.

64. The Citadel, CAPT Paluso, and Lt. Col. Sberna acted negligently, grossly negligently, recklessly, maliciously, willfully, and wantonly, and breached this duty with respect to Plaintiff by:

    a.    Failing to provide necessary protection to Plaintiff while he was in the care of and custody of The Citadel;

    b.    Failing to protect Plaintiff from foreseeable harm of sexual misconduct of its employees or personnel, including LTC Boes;

    c.    Failing to use due care and caution in safekeeping Plaintiff;

    d.    Failing to sufficiently monitor Plaintiff while he was in the care of The Citadel;

    e.    Failing to properly train the staff to ensure the safety of Plaintiff;

    f.    Failing to institute and/or to enforce adequate policies and procedures to protect Plaintiff from abuse after The Citadel knew other staff members sexually abused young cadets/students while acting within the scope of their official duties;

g.     Failing to protect Plaintiff's right to security, right to privacy, and right to personal liberty;

h.     Failing to protect Plaintiff from an intrusion of his privacy;

i.     By allowing LTC Boes visiting Plaintiff's jobsite when it was foreseeable that such a visit would cause further apprehension and distress given the nature of the abuse suffered by Plaintiff; and

j.     Any other particulars which may be shown at trial.

65.     As a direct and proximate result of The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's breaches of duty, Plaintiff was sexually assaulted by LTC Boes.

66.     Plaintiff is entitled to recover damages from The Citadel, CAPT Paluso, and Lt. Col. Sberna as a result of their acts and/or omissions described above.

## SECOND CAUSE OF ACTION
### (AGAINST THE CITADEL)
#### Title IX

67.     Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

68.     The Citadel is a regular recipient of federal funding and had been at all times relevant to the facts giving rise to this action.

69.     The Citadel failed to have policies, procedures, practices, and customs in place to assure Plaintiff was not a victim of harassment and sexual abuse based upon his gender and/or to prevent sexual assaults that violated his rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681, *et seq*.

70.     At the time of the incidents of sexual assault described above, LTC Boes was an agent and servant of The Citadel acting within the scope of his employment for the purposes of Title IX.

71.     LTC Boes' conduct as described above was severe and pervasive.

13

72.  LTC Boes' conduct as described above constituted hostile environment sexual abuse and/or harassment of Plaintiff in violation of Title IX.

73.  LTC Boes' conduct as described above also constituted *quid pro quo* sexual abuse and/or harassment of Plaintiff in violation of Title IX.

74.  There are bases for imputing liability to The Citadel for LTC Boes' Title IX violations because The Citadel, CAPT Paluso, and Lt. Col. Sberna knew or should have known of LTC Boes' harassment of Plaintiff and other conduct that presented an opportunity for and substantial risk of harassment (for example, LTC Boes' visits to bars, attendance at concerts, and overnight stays with Plaintiff and LTC Boes' manipulation of Plaintiff's disciplinary records) but took no effective remedial action and because CAPT Paluso, Lt. Col. Sberna, and LTC Boes were in a supervisory position with respect to Plaintiff.

75.  As a direct and proximate result of the unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has suffered and continues to suffer damages as follows, for which Defendants are liable: great pain of mind and body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiff is entitled to an award against The Citadel for these actual damages.

76.  Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover his attorney's fees and expert fees.  Hence, Plaintiff is entitled to recover damages against The

Citadel and further prays for an award all costs, attorney fees, and expert fees associated with bringing the present case to trial.

### THIRD CAUSE OF ACTION
### (AGAINST THE CITADEL)
### Negligence/ Gross Negligence (Negligent Hiring, Retention and Supervision)

77.  Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

78.  The Citadel had a duty to provide reasonable supervision of its employee and agent, LTC Boes, when he interacted with cadets/students.

79.  It was reasonably foreseeable that those employees and agents of The Citadel who have a sexual interest in male students, including LTC Boes, would sexually abuse students, including Plaintiff, unless properly supervised.  Moreover, The Citadel knew, or should have known, of LTC Boes' propensity to "get too close to cadets."

80.  A reasonable investigation into the background of LTC Boes would have indicated that he had in interest in other males such that The Citadel should have been on notice that LTC Boes was not fit to be around male students and/or would require heightened supervision.

81.  In choosing to operate an educational institution for students, The Citadel undertook the duty to exercise reasonable care in hiring, retaining, and supervising instructors and staff with whom the safety and care of the students could reasonably be entrusted.

82.  The Citadel, through its officials, made representations to Plaintiff and his parents that LTC Boes mentored, coached, and advised students in every facet of cadet life.

83.  The Citadel, by and through its respective agents, servants, and employees, as well as CAPT Paluso and Lt. Col. Sberna knew, or reasonably should have known, of LTC Boes' dangerous and exploitive propensities and/or that LTC Boes was an unfit agent.

15

84. Despite such knowledge, The Citadel breached its duty to provide reasonable supervision of LTC Boes and enabled LTC Boes, who was in a position of trust and authority for The Citadel, to commit the wrongful acts against Plaintiff.

85. The Citadel acted negligently, grossly negligently, recklessly, maliciously, willfully and wantonly, and breached this duty with respect to Plaintiff by:

   a.  Not only retaining Boes, but continuing to promote him;

   b.  Creating an environment in which LTC Boes and other instructors were permitted to prey on the inexperience and vulnerability of students;

   c.  Permitting LTC Boes to manipulate Plaintiff's discipline;

   d.  Failing to ascertain why LTC Boes was providing input into Plaintiff's discipline and to determine that he was doing so for improper purposes;

   e.  By visiting Plaintiff's jobsite when it was foreseeable that such a visit would cause further apprehension and distress given the nature of the abuse suffered by Plaintiff; and

   f.  Any other particulars which may be shown at trial.

86. As a direct and proximate result of The Citadel's breaches of duties, LTC Boes repeatedly and forcibly sexually abused Plaintiff on The Citadel's premises.

87. Plaintiff is entitled to recover damages from The Citadel as a result of its acts and/or omissions described above.

## FOURTH CAUSE OF ACTION
### (AGAINST THE CITADEL, CAPT PALUSO, AND LT. COL. SBERNA)
### Reckless Infliction of Emotional Distress

88.   Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

89.   By employing LTC Boes and choosing to place LTC Boes in a position where his work with students/cadets was inadequately supervised, and by causing Plaintiff to be sexually abused as a thriving student/cadet, The Citadel by extreme and outrageous conduct recklessly directly and proximately caused severe emotional distress and bodily harm to Plaintiff.

90.   The Citadel's conduct in employing LTC Boes, holding out its premises as a safe environment for students when it had reason to know it could be a dangerous place for students, and thereby causing Plaintiff to be sexually assaulted by LTC Boes constituted extreme and outrageous conduct that was atrocious and went beyond all bounds of decency such that its conduct is utterly intolerable in a civilized society.

91.   The Citadel, CAPT Paluso, and Lt. Col. Sberna acted recklessly in employing, retaining, promoting, and permitting LTC Boes to work unsupervised with students and/or allowing him to use their facilities for functions and activities, thereby causing Plaintiff to be sexually abused by LTC Boes.

92.   Plaintiff directly and proximately suffered severe emotional distress, including severe mental anguish and horror, and is entitled to recover damages against The Citadel, CAPT Paluso, and Lt. Col. Sberna as a result of their reckless, extreme, and outrageous conduct.

17

## FIFTH CAUSE OF ACTION
### (AGAINST LTC BOES AND THE CITADEL)
**Invasion of Privacy**

93. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

94. The facts set forth above demonstrate that LTC Boes invaded Plaintiff's rights to personal security, personal liberty, and privacy.

95. LTC Boes' sexual abuse of Plaintiff was of the nature that demonstrated a blatant and shocking disregard to Plaintiff's rights and directly and proximately resulted in serious mental injury and humiliation to Plaintiff.

96. At the time of the incidents described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

97. The Citadel is liable for the acts of LTC Boes, its employee who was acting within the scope of his employment, under the doctrine of *respondeat superior*.

98. As a direct and proximate result of LTC Boes' invasion of Plaintiff's rights to privacy, personal security, and personal liberty, Plaintiff is entitled to recover damages against LTC Boes and The Citadel.

## SIXTH CAUSE OF ACTION
### (AGAINST LTC BOES AND CAPT PALUSO)
**Outrage**

99. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

100. The facts set forth above demonstrate LTC Boes inflicted severe emotional distress on Plaintiff through acts of sexual abuse as well as his threats and related conduct that coerced Plaintiff to engage in sexual acts.

101. At the time of LTC Boes' sexual abuse of Plaintiff, a special relationship existed between Plaintiff and LTC Boes, who was an employee of The Citadel and charged with the custody and care of Plaintiff.

102. LTC Boes' conduct towards Plaintiff was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

103. The emotional distress suffered by Plaintiff, who suffered in silence for months and continues to suffer, is so severe that no reasonable person could be expected to endure it.

104. At the time of the incidents described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

105. Plaintiff is entitled to recover damages against LTC Boes and CAPT Paluso as a result of their outrageous acts and/or omissions.

### SEVENTH CAUSE OF ACTION
**(AGAINST LTC BOES AND THE CITADEL)**
**Assault**

106. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

107. The facts set forth above demonstrate that Plaintiff was placed in reasonable fear of immediate harmful, unwanted, and offensive touching by LTC Boes.

108. From Summer of 2017 to April 2018, LTC Boes engaged in unpermitted, harmful, and offensive sexual conduct and contact upon the person of Plaintiff, in violation of South Carolina law.

109. As a direct and proximate result of LTC Boes' assaults and conduct described above, Plaintiff suffered damages.

110. Said conduct was undertaken while LTC Boes was under supervision and authority of The Citadel.

111. The conduct by LTC Boes was committed during the course and scope of his employment with The Citadel.

112. LTC Boes' sexual misconduct with Plaintiff was ratified by The Citadel.

113. Prior to or during the abuse alleged above, The Citadel knew, had reason to know, or should have had reason to know, that LTC Boes posed a risk and would harm students, including Plaintiff.

114. Plaintiff was a student at The Citadel at the time of his sexual abuse by LTC Boes.

115. The Citadel is vicariously liable for LTC Boes' assaults and conduct described above.

116. Based on the foregoing, Plaintiff is entitled to recover damages against LTC Boes and The Citadel.

### EIGHTH CAUSE OF ACTION
**(AGAINST LTC BOES AND THE CITADEL)**
**Battery**

117. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

118. Without consent of Plaintiff, LTC Boes willfully, maliciously, and repeatedly sexually assaulted Plaintiff on The Citadel's premises.

119. LTC Boes intended to cause harmful and sexually offensive contact directly with Plaintiff's sexual body parts, contact that offends a reasonable sense of personal dignity.

120. LTC Boes intended to cause a harmful and offensive contact with Plaintiff by the use of LTC Boes' hands and other body parts to make contact directly with Plaintiff's sexual body parts.

121. LTC Boes willful, malicious, and oppressive conduct as hereinabove alleged was engaged solely to satisfy his own motives and personal desires, to the detriment of Plaintiff.

122. Plaintiff did not consent to the touching and sexual contact.

123. Plaintiff was harmed by LTC Boes' unwanted sexual conduct.

124. The Citadel is liable for the acts of LTC Boes, its employee who was acting within the scope of his employment, under the doctrine of *respondeat superior*.

125. Based on the foregoing, Plaintiff is entitled to recover damages against LTC Boes and The Citadel.

## NINTH CAUSE OF ACTION
### (AGAINST LTC BOES AND THE CITADEL)
### False Imprisonment

126. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

127. Plaintiff was unlawfully and without consent restrained by LTC Boes in LTC Boes' office and residence located on The Citadel's premises.

128. LTC Boes confined Plaintiff in his office and residence located on The Citadel's premises and demonstrated aggression when Plaintiff attempted to leave, forcing Plaintiff to submit to the apprehension of LTC Boes' force and position of authority and influence.

129. At the time of the incidents of unlawful restraint described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

130. As a direct and proximate result of LTC Boes' unlawful restraint of Plaintiff, Plaintiff is entitled to recover damages against both Defendants.

131. Based on the foregoing, Plaintiff is entitled to recover damages against LTC Boes and The Citadel.

## TENTH CAUSE OF ACTION
### (AGAINST LTC BOES AND THE CITADEL)
### Sexual Harassment

132. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

133. The facts set forth above demonstrate that Plaintiff was sexually harassed by LTC Boes in a violation of South Carolina law including, but not limited to, the provisions of Sections 1-13-10 through 1-13-100 of the South Carolina Code of Laws and the sexual harassment policy of The Citadel.

134. At the time of the incidents of sexual harassment described above, LTC Boes was an agent and servant of The Citadel, acting within the scope of his employment.

135. As a direct and proximate result of LTC Boes' sexual harassment of Plaintiff, Plaintiff is entitled to recover damages against LTC Boes and The Citadel.

## ELEVENTH CAUSE OF ACTION
### (AGAINST ALL DEFENDANTS)
### Violation of Constitutional Rights

136. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

137. Acting under the color of state law, LTC Boes deprived Plaintiff of his bodily integrity by virtue of his conduct described above; as such, LTC Boes deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution.

138. The Citadel, CAPT Paluso, and Lt. Col. Sberna had actual or constructive knowledge that LTC Boes was engaged in sexual conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff.

139. The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's response to this knowledge was so inadequate as to demonstrate deliberate indifference to LTC Boes' wrongful conduct or tacit authorization of that conduct.

140. The Citadel – through its agents and employees LTC Boes, CAPT Paluso, and Lt. Col. Sberna – created the risk of danger to Plaintiff.

141. The Citadel –through affirmative acts of CAPT Paluso, Lt. Col. Sberna, and other agents and employees that, among other things, provided direct aid to LTC Boes – increased the risk of danger to Plaintiff.

142. The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's inaction and affirmative acts that aided LTC Boes in his efforts to sexually abuse Plaintiff had an affirmative causal link to the constitutional injury suffered by Plaintiff.  As a direct result of The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's failure to prevent LTC Boes' conduct, Plaintiff's constitutional right to bodily integrity was violated on multiple separate occasions.

143. As a direct and proximate result of LTC Boes' conduct and The Citadel's, CAPT Paluso's, and Lt. Col. Sberna's deliberate indifference to, tacit authorization of, and/or affirmative acts increasing the risk of private danger from LTC Boes' sexual abuse, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to recover actual and punitive damages under 42 U.S.C. § 1983.

144. Plaintiff is also entitled to an award of reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

Wherefore, Plaintiff respectfully prays for a judgment for compensatory and punitive damages, reasonable attorneys' fees, and expert fees against Defendants, jointly and severally, in

an amount to be determined by the jury, together with interest, costs of this action, and any such

other and further relief this Court or the trier of fact deems just and proper.

R. Brady Vannoy
Fed ID #10292
brady@vannoymurphy.com
Vannoy | Murphy
105 Carolina Avenue
Moncks Corner, SC 29461
Phone: (843) 761-0610

~and~

PETERS, MURDAUGH, PARKER, ELTZROTH
& DETRICK, P.A.

BY:    s/Ronnie L. Crosby
Ronnie L. Crosby
Fed ID #6311
rcrosby@pmped.com
Post Office Box 457
101 Mulberry Street East
Hampton, SC 29924
Phone: (803) 943-2111

Bert G. Utsey, III
Fed ID #1045
butsey@pmped.com
Post Office Box 30968
Charleston, SC  29417
Phone: (843) 818-4399

**ATTORNEYS FOR PLAINTIFF**

February 21, 2020
Hampton, South Carolina